United States District Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTONIO CHIMNEY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:24-CV-02239** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Antonio Chimney's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Dkt. No. 1). The Court has reviewed the Petition, (*id.*); Chimney's supporting memorandum and exhibits, (Dkt. No. 2); Respondent Bobby Lumpkin's Answer, (Dkt. No. 10); the state-court record, (Dkt. No. 11); and the applicable law. For the reasons below, the Petition is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

## I. BACKGROUND

A Texas jury convicted Chimney of the murder of Tonja Byrd and assessed a life sentence on November 19, 1996. *Chimney v. State*, 6 S.W.3d 681, 686 (Tex. App.—Waco 1999, pet. ref'd). The Texas Tenth Court of Appeals affirmed the judgment on November 3, 1999, (*id.* at 704), and the Texas Court of Criminal Appeals refused discretionary review on July 2, 2003, *Chimney v. State,* No. PD-0267-00 (Tex. Crim. App. July 2, 2003) (pet. ref'd).

Roshan Germaine Perry also faced charges arising from the shooting. (Dkt. No. 11-32 at 88). He invoked his Fifth Amendment privilege at Chimney's trial, (*id.*), later

pleaded guilty to murdering Byrd, received a five-year sentence, and was released from prison in 2001, (Dkt. No. 11-54 at 4, 7). On June 10, 2019, Chimney filed a state habeas application attaching Perry's affidavit stating that Perry fired the gun and Chimney was unarmed. (Dkt. No. 11-45 at 11). The Texas Court of Criminal Appeals dismissed the application under Texas Rule of Appellate Procedure 73.1 on July 24, 2019. (Dkt. No. 11-46).

Chimney filed another state habeas application in August 2022. (Dkt. No. 11-51). After evidentiary hearings at which Perry repeated his account, the state habeas court found no credible evidence that Perry was the shooter and no evidence that either side had uncovered such information before trial. (Dkt. No. 11-52 at 8–9). The Texas Court of Criminal Appeals denied relief on May 3, 2023, *Ex parte Chimney*, No. WR-90,121-02 (Tex. Crim. App. May 3, 2023), and dismissed Chimney's motion for reconsideration on May 26, 2023, (Dkt. No. 11-58 at 2). The United States Supreme Court denied certiorari on February 26, 2024, *Chimney v. Texas*, 144 S. Ct. 1011 (2024) (mem.).

Chimney placed his federal Petition in the prison mail system on June 5, 2024. (Dkt. No. 1). He asserts actual innocence and, construed liberally, ineffective-assistance and *Brady* claims based on Perry's prosecution and later account. (*Id.*); (Dkt. No. 2).

## II. DISCUSSION

### A. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period running, as relevant here, from the later of the date the judgment became final or the date on which the factual predicate of the claims could have

been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A), (D). A properly filed state collateral proceeding tolls a running limitations period but does not revive one that has expired. *Id.* § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

**1. Finality of the Judgment**

Chimney's conviction became final on September 30, 2003, when the ninety-day period for seeking certiorari expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S.Ct. 641, 653–54, 181 L.Ed.2d 619 (2012). The limitations period expired on September 30, 2004. Because Chimney did not file either state application until years later, neither tolled nor revived the expired period.

**2. Discovery of the Factual Predicate**

Section 2244(d)(1)(D) does not make the Petition timely. Chimney possessed Perry's affidavit by June 10, 2019. (*See* Dkt. No. 11-45 at 8, 11). Even assuming his first state application was properly filed and tolled the period through its July 24, 2019 dismissal, (*see* Dkt. No. 11-46), the federal deadline expired no later than July 24, 2020.

Even assuming that the factual predicates of all Chimney's claims could not have been discovered through the exercise of due diligence until Perry testified on January 5, 2023, and that the limitations period remained continuously tolled through the May 26, 2023 dismissal of Chimney's motion for reconsideration, the Petition remains untimely. *See Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). Under those assumptions, the one-year period began running on May 27, 2023. Because May 26, 2024, was a Sunday and May 27 was Memorial Day, the filing deadline was extended to May 28, 2024. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998); Fed. R. Civ. P. 6(a)(1)(C), (a)(6)(A).

Chimney filed on June 5, 2024. (Dkt. No. 1). His petition for certiorari from the denial of state collateral relief did not extend statutory tolling. *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083, 166 L.Ed.2d 924 (2007).

#### 3. <u>Other Statutory Triggers</u>

Chimney has not identified a State-created impediment that prevented timely filing or a newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

### B. EQUITABLE TOLLING

Equitable tolling requires diligent pursuit of rights and an extraordinary circumstance that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Even assuming diligence, Chimney identifies no extraordinary circumstance that prevented him from filing within the full limitations period the Court has assumed remained available after May 26, 2023. Any misunderstanding that seeking certiorari extended the deadline does not warrant tolling. *See Lawrence*, 549 U.S. at 336–37, 127 S.Ct. at 1085.

### C. ACTUAL INNOCENCE

A sufficient showing of actual innocence may permit review of an otherwise untimely petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). The petitioner must present new, reliable evidence showing that, considering all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). Actual innocence is a gateway, not a freestanding habeas claim in the Fifth Circuit.

*Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). The Court assumes without deciding that Perry's affidavit and testimony qualify as new evidence.

**1. Perry's Account**

Perry's account is facially exculpatory, but his prolonged and inadequately explained delay substantially diminishes its reliability. *McQuiggin*, 569 U.S. at 399, 133 S.Ct. at 1935. Perry was released in 2001, did not execute the affidavit until an attorney approached him in 2019, and explained his silence only by saying that he had been living his life. (Dkt. No. 11-54 at 9–10). His Fifth Amendment privilege explains why he did not testify at Chimney's trial, but not his silence for approximately eighteen years following his release.

The state habeas court heard Perry and rejected his account as not credible. (Dkt. No. 11-52 at 8–9). Although the Court independently applies *Schlup*, that subsidiary credibility finding is presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See Reed v. Stephens*, 739 F.3d 753, 772 & n.8 (5th Cir. 2014). That presumption does not replace *Schlup*'s more-likely-than-not standard for the ultimate gateway determination.

**2. The Trial Evidence**

Perry's account conflicts with multiple witnesses who identified Chimney as firing into the air and then toward the crowd. (*See* Dkt. No. 11-29 at 132–34, 177–179); (Dkt. No. 11 at 13–19, 67–70, 76–78, 81, 216-218). Another witness saw Chimney with a gun immediately after the shooting. (Dkt. No. 11-30 at 86–89, 93–94, 98–100). Chimney identifies impeachment evidence and testimony placing a gun with Perry earlier that

evening, but a reasonable juror could credit the trial identifications over Perry's delayed account.

**3. <u>The Plea and Firearms Evidence</u>**

Perry's guilty plea and the evidence that the recovered casings came from one firearm lend some support to Chimney's position, but neither identifies Perry as the exclusive shooter nor establishes that Chimney was unarmed. (*See* Dkt. No. 11-54 at 4–5); (Dkt. No. 11-31 at 112). Texas law also does not require the law of parties to be alleged in the indictment. *Marable v. State*, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002); *Pitts v. State*, 569 S.W.2d 898, 900 (Tex. Crim. App. 1978). The absence of such an allegation therefore does not establish that Perry's conviction necessarily rested on his being the actual shooter.

**4. <u>The Evidence as a Whole</u>**

Considering the evidence as a whole, Chimney has not satisfied *Schlup*. Perry's plea, (Dkt. No. 2 at 10), the firearms evidence, (Dkt. No. 2 at 32–33), the testimony placing a gun with Perry, (Dkt. No. 2 at 13–25), and the impeachment of the identifying witnesses, (Dkt. No. 2 at 28–32), support Chimney's position. But they do not overcome the combined weight of the affirmative shooting identifications, (*see* Dkt. No. 11-29 at 132–34, 177–179); (Dkt. No. 11 at 13–19, 67–70, 76–78, 81, 216-218), the testimony placing a gun with Chimney immediately afterward, (Dkt. No. 11-30 at 86–89, 93–94, 98–100), and the substantial reliability concerns surrounding Perry's delayed account, (*see* Dkt. No. 11-54 at 9–10). Chimney has not rebutted the state court's subsidiary credibility finding by clear and convincing evidence. Independently applying *Schlup*, the Court concludes that

Chimney has not shown that it is more likely than not that no reasonable juror would convict him. The Court therefore does not reach the underlying constitutional claims.

### D. ARGUMENT AND HEARING REQUESTS

The Parties' submissions and state-court record adequately present the issues. The existing record is sufficient to resolve the limitations question and determine whether Chimney has satisfied the actual-innocence gateway, and Chimney identifies no additional evidence requiring factual development that could alter those determinations. His request for oral argument and any request for a federal evidentiary hearing are **DENIED**. (Dkt. No. 2 at 2).

### E. CERTIFICATE OF APPEALABILITY

When relief is denied on procedural grounds, a certificate of appealability requires a showing that reasonable jurists would debate both whether the petition states a valid claim of the denial of a constitutional right and whether the procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Reasonable jurists would not debate the Court's conclusions that Chimney's Petition is untimely and that he has established neither equitable tolling nor the actual-innocence gateway. A certificate of appealability is therefore **DENIED**.

## III. CONCLUSION

Chimney's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations. (Dkt. No. 1). His requests for oral argument and an evidentiary hearing are **DENIED**. (Dkt. No. 2 at 2). A certificate of appealability is **DENIED**.

It is SO ORDERED.

Signed on November 11, 2026.

Drew B. Tipton

DREW B. TIPTON
UNITED STATES DISTRICT JUDGE